**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Dwayne Thompson,<br><br>    Petitioner,<br><br>vs.<br><br>Becky Clay,<br><br>    Respondent. | No. CV-12-861-TUC-CKJ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Allen Dwyane Thompson's *Pro Se* Habeas Corpus Petition Under 28 U.S.C. § 2241 ("Petition") (Doc. 1). Respondent Clay filed her Return and Answer to Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus and Motion to Dismiss Petition ("Response") (Doc. 14), and Petitioner filed his reply (Doc. 17). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

## I. PROCEDURAL AND FACTUAL BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution El Reno ("FCI El Reno") in El Reno, Oklahoma. *See* Not. of Party's Change of Address (Doc. 26). At the time of the filing of his Petition, Petitioner was incarcerated at the Federal Correctional Institution Tucson ("FCI Tucson") in Tucson, Arizona. *See* Petition (Doc. 1).

On October 12, 2006, Petitioner was arrested by the Colorado Springs Police Department ("CSPD") for Distribution of Drugs. Petition (Doc. 1), Request for Admin. Remedy, Remedy ID No. 672384-F1 (Exh. "B") at 4; Pet.'s Mot. to Strike (Doc. 22), Thompson Decl. (Exh. "A") ¶ 2. On October 13, 2006, a hold was placed on Petitioner to prevent him from posting bond.[1] Pet.'s Response to Resp.'s Ans. to Pet.'s 28 U.S.C. § 2241 Pet. and Resp.'s Mot. to Expand the Record With Judicial Not. ("Reply") Exhibits (Doc. 18), El Paso County Sheriff's Office Booking Report (Exh. "B") at 2 & Colorado Dept. of Corrections ("CODOC") Official Time Computation Report (Exh. "D"); Pet.'s Mot. to Strike (Doc. 22), Exh. "A" ¶ 2.

On December 5, 2006, Petitioner was indicted in the United States District Court ("USDC") for the District of Colorado for (1) possession with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii); (2) knowingly possessing with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, its salts, isomers, and salts of its isomers in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii); (3) unlawfully and knowingly possessing a firearm, in and affecting interstate commerce and in furtherance of a drug trafficking crime involving methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1); (4) unlawfully and knowingly possessing a firearm, in and affecting interstate commerce and in furtherance of a drug trafficking crime involving cocaine, in violation of Title 21, United States Code, Section 841(a)(1); (5) unlawfully and knowingly possessing a handgun, in and affecting interstate commerce after having been convicted of offenses punishable by terms of imprisonment of more than one year; and (6) unlawfully and knowingly possessing a semi-automatic pistol, in and affecting interstate commerce after having been convicted of offenses punishable by terms of imprisonment of

---

[1] Petitioner claims that the Department of Alcohol, Tobacco, and Firearms also placed a hold on him; however, the documents provided by both parties do not support this contention. Pet.'s Mot. to Strike (Doc. 22), Thompson Decl. (Exh. "A") ¶ 2.

1  more than one year. USDC D. Colo., Case No. 1:06-CR-0496-LTB-1, Indictment (Doc. 1).[2]
2  On January 31, 2007, the United States Marshals Service ("USMS") took custody of
3  Petitioner pursuant to a writ of habeas corpus *ad prosequendum*. Petition (Doc. 1), Exh. "B"
4  at 4; Response (Doc. 14), Farrar Decl. (Exh. "1") ¶ 5 & Writ of Habeas Corpus *ad*
5  *prosequendum* (Attach. "2"); Reply Exhibits (Doc. 18), Writ of Habeas Corpus *ad*
6  *prosequendum* (Exh. "H"). On October 17, 2008, Petitioner pleaded guilty and the Colorado
7  District Court sentenced him to one hundred and twenty (120) months imprisonment and five
8  (5) years supervised release. Petition (Doc. 1), Exh. "B" at 4; Response (Doc. 14), Exh. "1"
9  ¶ 6 & USDC, D. Colo., Judgment (Attach. "4"); Pet.'s Mot. to Strike (Doc. 22), Thompson
10 Decl. (Exh. "A") ¶ 5; Reply Exhibits (Doc. 18), USDC D.Colo. Case No. 06-CR-00496-
11 LTB-1 Judgment (Exh. "G"). On October 21, 2008, the USMS returned Petitioner to the
12 CODOC. *Id.*, Exh. "1" ¶ 6 & Attach. "2" at 2; Pet.'s Mot. to Strike (Doc. 22), Thompson
13 Decl. (Exh. "A") ¶ 3.

14  On October 22, 2008, the State of Colorado found that Petitioner had violated his
15 parole. Pet.'s Mot. to Strike (Doc. 22), Thompson Decl. (Exh. "A") ¶ 4. On October 29,
16 2008, the State of Colorado sentenced Petitioner for his parole violation.[3] Petition, Exh. "B"
17 at 4; Pet.'s Mot. to Strike (Doc. 22), Exh. "A" ¶ 5; Response (Doc. 14), Exh. "1" ¶ 7; Reply
18 Exhibits (Doc. 18), Farrar Decl. (Exh. "F") ¶ 7. CODOC reported that it credited 748 days,
19 October 13, 2006 through October 29, 2008 toward Petitioner's state court sentence.
20 Response (Doc. 14), Attach. "3." On May 26, 2010, Petitioner completed his state sentence,
21 and CODOC released him to the USMS for service of his federal sentence. Response (Doc.

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The indictment contained within the USDC for the District of Colorado docket is proper material for judicial notice. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (taking judicial notice of the docket from a proceeding before another tribunal).

[3] Respondent states that Petitioner's parole was revoked and he was sentenced on October 29, 2008. Both parties agree, irrespective of whether or not the Parole Commission made its findings regarding revocation on October 22, 2008, Petitioner was incarcerated due to his parole revocation on October 29, 2008. *See* Reply Exhibits (Doc. 18), CODOC Official Time Computation Report 6/17/2010 (Exh. "D").

- 3 -

14), Exh. "1" ¶ 7 & Federal Bureau of Prisons ("BOP") Designation and Sentence Computation form (Attach. "3"), Reply Exhibits (Doc. 18), Fed. BOP Designation and Sentence Computation form (Exh. "C").

BOP applied one (1) day of presentence credit to Petitioner's sentence, October 12, 2006 – the date of Petitioner's arrest, because CODOC did not credit this time toward his state sentence. Response (Doc. 14), Exh. "1" ¶ 9; Reply Exhibits (Doc. 18), Exh. "F" ¶ 9. Petitioner's projected release date was calculated by BOP as February 9, 2019. Response (Doc. 14), Exh. "1" ¶ 10 & Public Information Inmate Data 6/10/2013 (Attach. "1"); Reply Exhibits (Doc. 18), Exh. "F" ¶ 10. Subsequent to the filing of the instant petition, Ms. Kathleen Nelson of CODOC notified BOP that Petitioner should have been discharged from state custody on March 26, 2009. Reply (Doc. 17) at 1-2; Exhibits (Doc. 18), Exh. "A;" Resp.'s Resp. to Notification of Change (Doc. 21), Melick Decl. (Exh. "1") ¶ 8 & Public Information Inmate Data 12/13/2013 (Attach. "1") at 1. Based upon this information BOP revised Petitioner's prior release date to December 11, 2017. Resp.'s Resp. to Notification of Change (Doc. 21), Exh. "1" ¶ 10 & Attach. "1" at 3. This new release date gives Petitioner credit for the 425 days that he spent in state custody after the expiration of his parole term. *Id.*, Exh. "1" ¶ 9.

On November 21, 2012, Petitioner filed a *Pro Se* Habeas Corpus Petition Under 28 U.S.C. § 2241 (Doc. 1). Petitioner seeks credit toward his federal sentence for 1) 723 days of pre-sentence confinement; and 2) eighteen (18) months that Petitioner allegedly served concurrently with his state parole revocation term. *See* Petition (Doc. 1).

## II.   ANALYSIS

### A. Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled*

*in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, a proper characterization of the petition is necessary to a determination of jurisdiction. *Id.*

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence, rather he seeks relief with respect to the time credited to his federal sentence. As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility of parole.'") (*quoting Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)); *Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241."); *Weinstein v. U.S. Parole Comm'n.*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission."). Such a challenge must be brought pursuant to § 2241 in the custodial court. At the time of filing the Petition, Petitioner was incarcerated at USP – Tucson in Arizona. Accordingly, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

**B. Exhaustion**

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and

administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55, 115 S.Ct. 2021, 2023-24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (*quoting Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct is own mistakes and to preclude the need for judicial review.'" *Id.* (*quoting Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See*

*Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647-48, 91 L.Ed.2d 397 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to *pro se* litigants).

Here, the Petition reflects that Petitioner has exhausted his administrative remedies, and Respondents do not refute this. *See* Petition (Doc. 1). Review of the record supports a finding that Petitioner has properly filed appeals regarding credits to his federal sentence. Accordingly, the Court concludes that Petitioner has exhausted his administrative remedies.

**C. Credit for Presentence Incarceration**

Section 3585, Title 18 of the United States Code, governs calculation of a federal prisoners term of imprisonment. It states in relevant part:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>   (1) as a result of the offense for which the sentence was imposed;
>
>   or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense which the sentence imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 327, 112 S.Ct. 1351, 1355-56, 117 L.Ed.2d 593 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988), *per curiam*.

Furthermore, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Federal custody does not begin until the state authorities relinquish the prisoner upon satisfaction of the state obligation. *Del Guzzi v. United States*,

980 F.2d 1269, 1270-71 (9th Cir. 1992), *per curiam*. "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) (internal quotation marks omitted) (citation omitted), *overruled on other grounds by Setser v. United States*, 566 U.S. – , 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012); *see also Taylor v. Reno*, 164 F.3d 440, 444 n. 1 (9th Cir. 1998). This priority of jurisdiction is often referred to as "primary jurisdiction." *Taylor*, 164 F.3d at 444 n. 1. "As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991) (citing *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980)). Additionally, "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas*, 923 F.2d at 1367 (9th Cir. 1991) (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). Further, it is the responsibility of the United States Attorney General to compute the credit due for any pre-term incarceration. *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992).

### *A.     Primary Jurisdiction*

As an initial matter, the Court must determine which sovereign had primary jurisdiction of Petitioner. It is undisputed that Petitioner was arrested by the Colorado Springs Police Department for Distribution of Drugs. Petition (Doc. 1), Request for Admin. Remedy, Remedy ID No. 672384-F1 (Exh. "B") at 4; Pet.'s Mot. to Strike (Doc. 22), Thompson Decl. (Exh. "A") ¶ 2. Furthermore, Petitioner was brought before the United States District Court for the District of Colorado pursuant to a Writ of Habeas Corpus *ad prosequendum*. Petition (Doc. 1), Exh. "B" at 4; Response (Doc. 14), Farrar Decl. (Exh. "1") ¶ 5 & Writ of Habeas Corpus *ad prosequendum* (Attach. "2"); Reply Exhibits (Doc. 18), Writ of Habeas Corpus *ad prosequendum* (Exh. "H").

Petitioner asserts, however, that the booking record "clearly shows primary

jurisdiction by the U.S. Dept. of Justict [sic], ATF, and/or DEA, and second in line for jurisdiction, is El Paso County, Colorado & third jurisdiction is Colorado Department of Corrections." Reply (Doc. 17) at 2. Petitioner strongly contends that the USMS had primary jurisdiction of him and then "voluntarly [sic] relinquished jurisdiction to the Colorado Department of Corrections." *Id.* at 2-4. Petitioner's contentions are incorrect.

Notwithstanding his argument to the contrary, Petitioner's booking record shows that he was arrested on October 12, 2006 on state charges. Reply Exhibits (Doc. 18), Exh. "B" at 1-2. On December 5, 2006, Petitioner was indicted on federal charges. USDC D. Colo., Case No. 1:06-CR-0496-LTB-1, Indictment (Doc. 1). Petitioner's booking record further indicates that on December 20, 2006, a parole violation hold was placed on Petitioner. Reply Exhibits (Doc. 18), Exh. "B" at 2. On January 4, 2007, the state charges were dismissed; however, Petitioner remained in state custody due to the parole violation hold. *Id.* Moreover, the CODOC records indicate that a parole violation hold was placed on Petitioner on October 13, 2006. Reply Exhibits (Doc. 18), Exh. "D" at 1.

Petitioner's presence in federal court pursuant to a writ of habeas corpus *ad prosequendum* is "further indication that the state had primary jurisdiction over him." *Reynolds*, 603 F.3d at 1152 (citations omitted), *overruled on other grounds by Setser v. United States*, 566 U.S. – , 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012). The record before this Court reflects that Petitioner was a state prisoner "on loan" to the federal authorities for the disposition of his federal charges. *Thomas*, 923 F.2d at 1367. Accordingly, the Court finds that the state authorities had primary jurisdiction over Petitioner.

### *B. Sentencing Credits*

Petitioner asserts that "the [federal] sentencing judge verbally agreed to grant full credit for this [723 days of pre-sentence incarceration] time if not credited to Colorado Case." Petition (Doc. 1) at 8. Petitioner further asserts that his federal sentence was to run "concurrently with what was [his] Colorado Parole revocation time[,]" and that "[t]he Sentencing Judge did not specifically state that my sentence was to begin after I served my

- 9 -

Colorado Parole Revocation term." *Id.* at 9.

"A federal sentence commences 'on the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the official detention facility at which the sentence is to be served,' 18 U.S.C. § 3583, not when sentence is imposed." *Taylor v. Brewer*, 164 F.3d 440, 445 (9th Cir. 1998) (alterations in original). As such, "[a]ny statement by the court prescribing when a sentence will begin to run is mere surplusage." *Id.* (citations omitted).

The record reflects that CODOC credited October 13, 2006 until March 26, 2009 toward Petitioner's state court parole revocation term. Reply Exhibits (Doc. 18), Exhs. "A," "C" & "D;" Resp.'s Response re Notification of Change (Doc. 21), Melick Decl. (Exh. "1") ¶ 9. BOP credited October 12, 2006, and from March 27, 2009 to the present toward Petitioner's federal sentence. Resp.'s Response re Notification of Change (Doc. 21), Exh. "1" ¶ 9. Accordingly, Petitioner's projected release date is December 11, 2017. *Id.* As such, all time has been credited toward either Petitioner's state sentence or his federal sentence, consistent with what Petitioner alleges the district court judge stated during his sentencing. Moreover, the Judgment of the district court does not direct otherwise.

Because Section 3585, 18 U.S.C., makes clear "that a defendant could not receive a double credit for his detention time[,]" and Petitioner has received credit either toward his state or federal sentences for all of the time he has been in custody, the Court finds that his Petition is without merit. *United States v. Wilson*, 503 U.S. 329, 327, 112 S.Ct. 1351, 1355-56, 117 L.Ed.2d 593 (1992).

### C. Additional issues raised in Reply

In his reply brief, Petitioner alleges that "[t]hese facts clearly take advantage of the petitioners' [sic] well documented mental state, by Dr. Deroune at FCI Tuceon [sic] Psychology Department . . . violating the petitioners [sic] Constitutional rights under amendments V, VIII, and XIV, i.e. [sic] Due Process, Equal Protestion [sic] in Law, and Cruel and unusual punishment." Because these arguments were raised for the first time in

- 10 -

reply, they will not be considered by this Court. *See United States v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003) ("[W]e decline to consider Rearden's argument because it is raised for the first time in reply.")

## IV. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) DENYING Petitioner's *Pro Se* Habeas Corpus Petition Under 28 U.S.C. § 2241 ("Petition") (Doc. 1); and

(2) DECLINING to issue a certificate of appealability. Reasonable jurists would not find the Court's ruling debatable.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-12-861-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

DATED this 6th day of August, 2014.

Bruce G. Macdonald
United States Magistrate Judge

- 11 -